## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                        CRIMINAL  ACTION  NO. 3:08-00275

ANTHONY DYE

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant, Anthony Dye's, Motion to Dismiss the charges

against him (Doc. 20).  For the following reasons, the Court **DENIES** the motion.

Defendant was indicted for a violation of 21 U.S.C. § 841(a)(1), possession with the

intent to distribute five grams or more of cocaine base, on December 17, 2008.  At that time,

Defendant was being held at the Western Regional Jail in Barboursville, West Virginia for a

parole violation.  On December 17, 2008, the same day Defendant's indictment was filed, the

United States filed a "Detainer Against Unsentenced Prisoner" with the Chief Correctional

Officer of the Western Regional Jail.  This detainer was received by the jail on December 18,

2008.  *U.S.'s Response*, Ex. A.

According to the United States, the Government later received notice from the Western

Regional Jail that Defendant had been sentenced on his parole violation and transferred to

McDowell County Correctional Center in Welch, West Virginia.[1]  Following this notice, the

United States filed a "Detainer Against Sentenced Prisoner" with Rhonda McGuire, Records

---

[1]The Government does not provide a date upon which it received notice of Defendant's
sentencing, however, the implication from the Government's Response is that it received such
notice sometime between December 17, 2008, and April 15, 2009.

Supervisor at McDowell County Correctional Center.  This detainer was filed on April 15, 2009, and was executed on April 20, 2009.  *U.S.'s Response*, Ex. B.  According to a handwritten notation made by Ms. McGuire, Defendant refused to sign the detainer.  *Id.*  The detainer was, however, read to Defendant by Ms. McGuire.  *Id.*  The second detainer provides notice of the federal indictment pending against Defendant and states that: (1) "[t]he notice and speedy trial requirements of the Interstate Agreement on Detainers Act APPLY to this Detainer" and (2) Defendant "has the right to demand a speedy trial."  *Id.* (emphasis in original).

Defendant moves to dismiss the charges against him based upon an argument that: (1) the Government failed to bring the charges against him within the time period contemplated in 18 U.S.C. § 3161 *et seq.*, and (2) that the Government violated the Interstate Agreement on Detainers Act (IADA) by improperly filing the first detainer, the "Detainer Against Unsentenced Prisoner."

18 U.S.C. § 3161 *et seq.* is otherwise known as the Speedy Trial Act.  Generally, the Act provides for the assurance that criminal defendants are entitled to a speedy trial.  Specifically, it instructs that any information or indictment charging an individual must be filed within thirty days of the date on which the individual was arrested or served with a summons, and that in any case in which a plea of not guilty has been entered a defendant's trial must commence within seventy days from the filing date of the information or indictment, or from the date the defendant has appeared before the Court, whichever is later.  18 U.S.C. §§ 3161(b) & (c)(1).  Defendant makes no specific allegation of a violation of 18 U.S.C. § 3161(b).  Instead, he alleges a violation of 18 U.S.C. § 3161(c)(1), the requirement that a defendant's trial be commenced with seventy days of an entry of a plea of not guilty.  Although Defendant has not entered a plea of

not guilty, he appears to argue that the violation occurred of 18 U.S.C. § 3161(c)(1) because he has been unable to enter a plea due to his confinement.  This argument is unpersuasive.

The seventy-day deadline provided for in of 18 U.S.C. § 3161(c)(1) is triggered by a plea of not guilty.  Because Defendant has neither motioned for a plea hearing, nor entered such a plea this seventy-day deadline is not implicated in the instant case.   Defendant's motion to dismiss upon this ground is therefore **DENIED**.

Defendant's second argument is that the charges against him should be dismissed because the Government violated the Interstate Agreement on Detainers Act (IADA) by filing the first detainer, the "Detainer Against Unsentenced Prisoner," which stated that "[t]he notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer." *U.S.'s Response*, Ex. A.  This detainer was filed on December 18, 2008.  Defendant argues it was improper because he was serving a sentence at that time and thus, inapposite to what he was told, the protections of IADA did apply to him.

Whether Defendant was serving a sentence at the time of the December 2008 detainer, and thus whether that detainer improperly instructed him that the IADA did not apply to his case, does not control the outcome of this motion.  Instead, the motion to dismiss is **DENIED** because (1) the Government has subsequently served a detainer that notifies Defendant that the IADA does apply to him, and (2) Defendant has failed to take the appropriate steps to trigger his protections under the Act.

As noted in Defendant's motion, Article III(a) of the IADA provides that a defendant shall be brought to trial within one hundred and eighty days after he has delivered notice to the Government and to the Court of the place of his imprisonment and his request for a final

disposition. 18 U.S.C. App. 2, Art. III(a). In the instant case, Defendant admits that he has made

no such notification. He argues that the reason he has not delivered notice is because the

detainer served upon him on December 18, 2008 was flawed. However, this argument is again

unpersuasive. The Goverment filed a second detainer in this case, which was executed on April

20, 2009. This detainer clearly informed Defendant that the speedy trial requirement of the

IADA applied to the detainer. Thus, if Defendant would like to exercise his rights under the

IADA, he must deliver notice to the Government and to the Court as is required under the Act.

*See* 18 U.S.C. App. 2, Art. III(a). Defendant's motion to dismiss is therefore **DENIED**.


        The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and

counsel, the United States Attorney, the United States Probation Office, and the United States

Marshal.


                        ENTER:        September 8, 2009


                        _____
                        ROBERT C. CHAMBERS
                        UNITED STATES DISTRICT JUDGE